IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br>Adeline M Paziora<br><br>     Debtor(s). | <br><br><br><br>Chapter 13 |
| NewRez LLC dba Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders Cwalt, Inc., Alternative Loan Trust 2006-16CB Mortgage Pass- Through Certificates, Series 2006-16CB,<br>     Creditor/Movant, | Case No. 19-13085-amc<br><br>Hearing Date 01-15-2020<br><br>11 U.S.C. § 362 |
| vs.<br>Adeline M Paziora,<br>     Debtor/Respondent,<br>and,<br>WILLIAM C. MILLER, Esq.<br>Chapter 13 Trustee<br>P.O. Box 1229<br>Philadelphia, PA 19105,<br>     Trustee/Respondent. | |

## STPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NewRez LLC dba Shellpoint Mortgage Servicing as servicer for The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificateholders Cwalt, Inc., Alternative Loan Trust 2006-16CB Mortgage Pass- Through Certificates, Series 2006-16CB ("Mortgagee") and Adeline M.Paziora ("Debtor"), by and through their respective counsel, hereby stipulate and agree as follows (as used herein the singular shall include the plural and the masculine shall include the feminine):

1. The automatic stay as provided for by 11 US §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is holder of a mortgage which is a lien on real property owned by Debtor known as and located at 2626 S. 10th Street, Philadelphia, PA 19148 ("the Property").

3. The parties certify that there is a post-petition delinquency which is to be cured pursuant to the terms of this stipulation, said delingquency consisting of the following:

   *__The Debtor is overdue for 6 months, from August 1, 2019 to January 1, 2020.__*
   *__The Debtor is overdue for 6 payments at $1,322.81 per month.__*
   *__Less Funds held in debtor(s) suspense $1,211.38__*
   *__Total Arrearages Due $6,724.38.__*

4. Commending on February 1, 2020, Debtor shall resume making regular monthly mortgage payments currently in the amount of $1,322.81.

5. Commencing on February 1, 2020 and continuing through and including June 1, 2020, Debtor shall tender cure payments of $1,120.91 per month to Mortgagee in addition to regular monthlypayments, and on July 1, 2020, Debtor shall tender a cure payment of $1,119.83 to Morgagee in addition to the regular monthly payment due.

6. Regular and monthly cure payments shall be sent to the Secured Creditor at the following address: P.O. Box 740039, Cincinnati, OH 45274-0039.

7. Should Debtor's regular monthly payment amount change, Debtor shall be notifed of such change by Mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

8. Should Debtor fail to make any of the payments required by the terms of this stipulation, or if any regular montly mortgage payment commencing after the cure of

the post-petiton delinquency is more than thirty (30) days late, Mortgagee may send Debtor and Debtor's counsel a written notice of this stipulation. If the default is not cured within (10) days of the date of said notice, counsel for Mortgagee may file a Certification of Default wth the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property. In the event a Notice of Default is issued and the Debtor remits a partial payment, it is agreed that acceptance of partial payment by the Mortgagee shall not sconstitute a satisfaction or waiver of the Notice of Default. Absent a full cure of the Notice of Default, Mortgagee may file its Certification of Default with the Court and pursue the entry of a relief order.

9. In the event that the instant bankruptcy case is convertd to a Chapter 7, this shall consitute a default under this Stipulation, and counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the Property.

10. Award of Attorneys' Fees: The Movant is awarded attorney fees of $350.00 and costs of $181.00, in connection with the Motion for Relief. The fees and costs are payable through the Chapter 13 plan.

11. That the parties agree that a facsimile signature shall be considered an original signature.

Stipulated and Agreed to by the parties as follows through their attorneys:

FEI LAM, ESQ.
Attorney for Mortgagee/Movant
STERN, LAVINTHAL & FRANKENBERG, LLC
105 Eisenhower Parkway, Suite 302
Roseland, NJ 07068
Phone: (973) 797-1100


BRAD J. SADEK, ESQ.
Attorney for Debtor/Respondent
Sadek and Cooper
1315 Walnut Street
Suite 502
Philadelphia, PA 19107
215-545-0008
Fax : 215-545-0611
Email: brad@sadeklaw.com